IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICARDO K. GONZALES,

                     Plaintiff,

                                         CIVIL ACTION
     vs.                                     No. 05-3214-SAC

MARK CREMIN, et al.,

                     Defendants.

## ORDER

    Plaintiff, a prisoner incarcerated in the United States Disciplinary Barracks in Fort Leavenworth, Kansas, initiated this action by filing a complaint under 42 U.S.C. 1983, seeking damages for the alleged violation of his rights under the Sixth Amendment.  Plaintiff also filed a motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

    By an order dated June 16, 2005, the court directed plaintiff to pay an initial partial filing fee of $29.50.  28 U.S.C. 1915(b)(1).  Plaintiff thereafter submitted a $5.00 payment to the court, and filed a motion to amend his complaint (Doc. 5).  He also filed an objection (Doc. 6) to the court assessed fee and statutory requirement that he pay over time the full $250.00 district court filing fee in this civil action.

    Under the Prison Litigation Reform Act signed into law on April 26, 1996, a prisoner is required to pay the full filing fee in this civil action.  Where an inmate has no means by which to pay the initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action.  28 U.S.C. 1915(b)(4).  Having considered plaintiff's response to the court order

requiring payment of a $29.50 initial fee, the court finds plaintiff's payment of $5.00 is sufficient under the circumstances to grant plaintiff leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2). Plaintiff's contention that PLRA fee requirements do not apply to non-habeas civil complaints filed by military prisoners is rejected.

Plaintiff states he exercised his right to withdraw from appellate review under Articles 66 and 67[1] of his military court martial, and instead elected to pursue review under Article 69.[2] He filed the instant complaint to seek damages for being denied counsel in the Article 69 proceeding, and alleges the denial of counsel violates the Sixth Amendment.

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

Plaintiff's allegations against the three federal

---

[1]Article 66 of the Uniform Code Military Justice provides for review of court-martial cases by a Court of Criminal Appeals. 10 U.S.C. 866. Article 67 provides for review by the Court of Appeals for the Armed Forces of cases reviewed by a Court of Criminal Appeals. 10 U.S.C. 867.

[2]Article 69 of the Uniform Code of Military Justice provides for review by the office of the Judge Advocate General in court-martial cases. 10 U.S.C. 869.

2

defendants[3] named in the complaint clearly state no claim for relief under 42 U.S.C. 1983, where plaintiff alleges no violation of his constitutional rights by a person acting under color of state law.  *See* West v. Atkins, 487 U.S. 42, 48 (1988)("To state a claim under [42 U.S.C.] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law.")(emphasis added).

Even if the complaint is liberally construed as seeking damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides comparable relief for constitutional torts by federal agents, the court finds the complaint should be dismissed because plaintiff's claim for damages is clearly barred by Feres v. United States, 340 U.S. 135 (1950).[4]

Recognizing that Feres might defeat his claim for damages, plaintiff now alternatively requests amendment of his complaint to seek injunctive relief or a writ of mandamus to authorize appointment of appellate counsel to assist plaintiff in the

---

[3] Plaintiff names as defendants:  Mark Cremin as Chief, Defense Appellate Division; the United States Army Legal Services Agency; and the United States.

[4] *See* Tootle v. USDB Commandant, 390 F.3d 1280, 1281 (10th Cir. 2004)("In Feres, the Supreme Court held that members of the military cannot bring claims against the government under the Federal Tort Claims Act where the injuries arise out of or are in the course of activity incident to service. The Feres doctrine has since been expanded to bar claims for damages by members of the military for constitutional violations that occur in connection with their military service.")(*internal quotes and citations omitted*).

Article 69 proceeding and application for bail pending appeal.

Court records reflect that another judge in this district has already considered habeas and mandamus requests by plaintiff for court orders addressing alleged constitutional error in plaintiff's pending military proceeding. That court denied such relief, finding intervention in plaintiff's ongoing proceedings in the military courts was not warranted or appropriate.[5] Plaintiff's appeal in that action is currently pending before the Tenth Circuit Court of Appeals. This court denies plaintiff leave to amend the instant complaint to reassert the same or substantially similar claims for habeas corpus and mandamus relief.

Accordingly and for the reasons stated herein, the court grants plaintiff leave to proceed in forma pauperis on the non-habeas civil complaint submitted in this matter, and denies plaintiff's motion to amend the complaint to transform this matter into a habeas and/or mandamus action. Because plaintiff acknowledges in his recent pleadings that the Feres doctrine bars his claim for damages, the court finds dismissal of this action without further response from plaintiff is appropriate.[6]

---

[5]See Gonzales v. Judge Advocate General of the Army, Case No. 04-3453-RDR.

[6]Additionally, sovereign immunity bars plaintiff's claim for damages against the United States, any United States Agency, and any federal official sued in their official capacity. See Bivens, 403 U.S. at 410 (United States has not waived its sovereign immunity for constitutional torts), Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471 (1994)(sovereign immunity has not been waived for direct actions for damages against federal agencies), and Kentucky v. Graham, 473 U.S. 159, 166 (1985)(claim against federal employee in that employee's official capacity is deemed to be action against the government).

<u>See</u> 28 U.S.C. 1915(e)(2)(B)(ii)-(iii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines ...the action...fails to state a claim on which relief may be granted, or...seeks monetary relief against a defendant who is immune from such relief.").

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff's motion to amend the complaint (Doc. 5) is denied.

IT IS FURTHER ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 21st day of July 2005 at Topeka, Kansas.

<pre>
                            s/ Sam A. Crow
                           SAM A. CROW
                           U.S. Senior District Judge
</pre>